UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
WAYNE J. JAMES,                          : 13 Civ. 3859 (GBD) (JCF)
                                         :
            Plaintiff,                    :         REPORT AND
                                         :         RECOMMENDATION
                                         :
      - against -                        :
                                         :
CENTRAL CASTING N.Y. and SAG/AFTRA :
ONE UNION,                               :
                                         :
            Defendants.                   :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

      Plaintiff Wayne James, proceeding pro se, filed this action

against defendants Central Casting N.Y. (identified in its motion

to dismiss as GEP Cenex, LLC ("GEP Cenex")) and the Screen Actors

Guild - American Federation of Television and Radio Artists One

Union ("SAG/AFTRA") in the Supreme Court of the State of New York,

County of New York, alleging various claims, including that his

union, SAG/AFTRA, failed to represent him properly.  On the basis

of that claim, SAG/AFTRA removed the action to this Court pursuant

to 28 U.S.C. § 1441(a).  Defendant GEP Cenex has moved to dismiss

the claims against it pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  For the reasons that follow, I recommend

that the defendant's motion to dismiss be granted without prejudice

to the plaintiff filing an amended complaint.

1

Background

Wayne James was employed as a background actor by GEP Cenex until April 2010 (Complaint, ¶ 1), but he contends that he was not informed that he had been terminated until October 26, 2011 (Complaint, ¶ 2).  On several instances between December 18, 2012, and April 25, 2013, the plaintiff attempted to resolve his allegedly unlawful termination with the help of his union, SAG/AFTRA, but received no assistance.  (Complaint, ¶¶ 12-14).  On May 3, 2013, or thereabouts, he filed this action claiming improper business practices, unlawful termination, defamation, "lack of respect or courtesy," and "theft of creative literature and idea" against defendant GEP Cenex; as well as claims of improper business practices and breach of the duty of fair representation against defendant SAG/AFTRA.  (Complaint, ¶¶ 16-17).

GEP Cenex now moves to dismiss, arguing that the plaintiff's claims for improper business practices, lack of respect or courtesy, and unlawful termination are not cognizable under state law (Memorandum of Law in Support of Defendant GEP Cenex, LLC's Motion to Dismiss the Complaint ("GEP Cenex Memo."), at 3-4); that the defamation claim is time-barred and improperly pled (GEP Cenex Memo. at 4-7); and that the claim for theft of creative literature or ideas does not meet the pleading standards for copyright infringement or misappropriation of trade secrets.  (GEP Cenex

2

Memo. at 7-10).

<u>Discussion</u>

    A.   <u>Legal Standard</u>

In considering a motion dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Kassner v. 2nd Avenue Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not contain detailed factual allegations, but it must contain more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007)). Where a complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8. <u>Id.</u> at 679 (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, the court's task "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" <u>GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd.</u>, 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting <u>Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York</u>, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). In fact, pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Even after Iqbal, which imposed heightened pleading standards for all complaints, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rodriquez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997); accord Honiq v. Bloomberg, No. 08 Civ. 541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), aff'd, 334 F. App'x 452 (2d Cir. 2009).

B.   Improper Business Practices and Lack of Respect

The plaintiff asserts a claim for "Improper Business Practices" against GEP Cenex for "creating and practicing policies that [encourage and enforce] Blacklisting and silent discrimination." (Complaint, ¶¶ 16 § 1a).[1] Although federal,

---

[1] The plaintiff also alleges "lack of respect or courtesy for the power [GEP Cenex] possess over actors career on a whole [sic]."

state, and local law recognize claims for unlawful discriminatory practices based on such characteristics as race, color, and national origin, see 42 U.S.C. § 2000e et seq.; N.Y. Exec. Law 296(1)(b); N.Y.C. Admin. Code § 8-107(1)(a), the plaintiff does not allege any such characteristic as the basis for his termination. Based solely on the complaint's description of "silent" policies, it is impossible to determine on what grounds the plaintiff feels that either defendant discriminated against him. As a result, the plaintiff's allegations are too vague to sustain claims of unlawful discrimination against either defendant.

Nevertheless, "New York courts have long ago recognized the common law tort for unfair business practices." Louis Capital Markets, L.P. v. REFCO Group, Ltd., 9 Misc. 3d 283, 288, 801 N.Y.S.2d 490, 493 (Sup. Ct. N.Y. Cty. 2005). In fact, under New York law, "unfair business practices" is merely another name for "unfair competition." See id. "The elements of unfair competition under New York state common law closely parallel the elements of unfair competition under the Lanham Act . . . ." Sussman-Automatic, Corp. v. Spa World Corp., __ F. Supp. 2d __, __, 2014 WL

---

(Complaint, ¶ 16, § 1b). Although GEP Cenex has chosen to address this as a separate claim in its motion to dismiss, I will address it in conjunction with the plaintiff's allegations regarding "silent discrimination" and "blacklisting" as constituting a single claim of "improper business practices." (Complaint, ¶ 16, § 1a).

1651953, at *12 (E.D.N.Y. 2014).  To establish unfair competition, New York law requires that (1) the plaintiff possesses a "valid, protectable mark"; and (2) the defendant's use of the mark resulted in "a likelihood of confusion between the marks of the alleged infringer and the charging party."  ESPN, Inc. v. Quiksilver, Inc., 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (citations and quotation marks omitted).  In addition, "there must be some showing of bad faith on the part of the defendant."  Sussman-Automatic, ___ F. Supp. 2d at __, 2014 WL 1651953, at *12 (internal quotation marks omitted).

Here, the plaintiff has failed to allege any facts that would indicate GEP Cenex engaged in unfair competition as defined by New York law.  Mr. James' "improper business practices" claim should therefore be dismissed without prejudice to his filing an amended complaint clarifying the grounds on which he seeks relief and the supporting facts.[2]

C.   Unlawful Termination

The plaintiff's principal complaint against GEP Cenex is that he "was terminated unjustly creating hardship [and] loss of thousands of dollars in earnings."  (Complaint, ¶ 16 § 3c).

---

[2] SAG/AFTRA has not moved to dismiss the claims against it. However, the plaintiff's "improper business practices" claim against SAG/AFTRA suffers from similar infirmities, which may be addressed in any amended complaint.

However, New York does not recognize a tort claim for wrongful termination.   See Lobosco v. New York Telephone Company/NYNEX, 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 751 (2001) ("New York does not recognize the tort of wrongful discharge."); accord Stevens v. New York, 691 F. Supp. 2d 392, 398-99 (S.D.N.Y. 2009).   Accordingly, the plaintiff's claim against GEP Cenex for unlawful termination should be dismissed.

    D.   Defamation

    The plaintiff further contends that he now "has a stigma of being un bookable [sic] and unreliable for certain casting" as a result of being defamed by GEP Cenex following his termination. (Complaint, ¶ 16, § 4d).   "In order to establish a claim for defamation under New York law, a plaintiff must allege (i) a false and defamatory statement of fact, (ii) of or concerning the plaintiff, (iii) publication to a third party, and (iv) injury to the plaintiff as a result." Keady v. Nike, Inc., 116 F. Supp. 2d 428, 439 (S.D.N.Y. 2000) (citing Nowak v. EGW Home Care, Inc., 82 F. Supp. 2d 101, 113 (W.D.N.Y. 2000)), vacated in part on other grounds, 28 F. App'x 29 (2d Cir. 2001); Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61 (2d Cir. 1993).   GEP Cenex argues that the plaintiff's defamation claim should be dismissed because it is time-barred.   (GEP Cenex Memo. at 4-5).   Alternatively, the defendant contends that the plaintiff has failed to meet the strict

pleading requirements for defamation claims in New York.  (GEP Cenex Memo. at 5-7).

The statute of limitations on a defamation claim in New York is one-year from the occurrence of the alleged defamatory communication.  N.Y. C.P.L.R. § 215(3).  According to the defendant, the last possible instance when defamation could have occurred would have been upon the plaintiff's notice of termination "on or about October 26, 2012."  (GEP Cenex Memo. at 5).  The complaint, however, asserts that the "[p]laintiff was harassed, threatened and Blacklisted by casting agent at [GEP Cenex]. (Date: 8-20-2012)."  (Complaint, ¶ 5).  Assuming, in accordance with liberal pleading standards, that August 20, 2012 is the alleged date of the defamation, the date of the complaint, May 3, 2013, falls within the one year statute of limitations.  Accordingly, the plaintiff's defamation claim, were it properly made, would not be time-barred.

However, the plaintiff's complaint does not meet the pleading requirements for defamation claims in New York.  "[A] pleading is only sufficient if it adequately identifies 'the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated.'"  Keady, 116 F. Supp. 2d at 439 (quoting Broome v. Biondi, No. 96 Civ. 805, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997)).  Even if the complaint can

8

be liberally construed to state a date for the alleged defamation,
Mr. James fails to state the other necessary components.  The only
person identified at GEP Cenex who could have perpetrated the
alleged defamation is a "casting agent." (Complaint, ¶ 5).  Even
if the complaint further identified who that casting agent was, the
agent's   only   alleged   activity   constituted   "harass[ing],
threaten[ing] and [b]lacklist[ing]" the plaintiff.  (Complaint, ¶
5).  Furthermore, there is no detail regarding the content of the
alleged defamatory statement, and there is no indication that these
events were witnessed by or conveyed to any third-party.  "Mere
conclusory statements that plaintiff was disparaged . . . are
insufficient to state a defamation claim." Keady, 116 F. Supp. 2d
at 439 (citing Reily v . Natwest Markets Group, Inc., 181 F.3d 253,
271 (2d Cir. 1999)); Ford v. Clement, 834 F. Supp. 72, 78 (S.D.N.Y.
1993), aff'd 29 F.3d 621 (2d Cir. 1994).  The plaintiff's
defamation claim should therefore be dismissed without prejudice to
him filing an amended complaint that alleges facts sufficient to
meet New York's pleading requirements.

    E.   Theft of Intellectual Property

    It is not entirely clear what claims Mr. James intends to
raise regarding GEP Cenex's "theft of creative literature and
idea." (Complaint, ¶ 16, § 2a-c).  The plaintiff asserts that he
was the first person to "design and implement" an "innovative

lesson plan, 'the Background Actor'" and as a result, GEP Cenex's alleged continued use of that plan without his consent or compensation constitutes theft of his "literature and idea." (Complaint, ¶ 16, § 2a-c). Allegedly, he "offered to share his Back Ground Course, titled the back ground actor with [GEP Cenex], they refused to work with [him] then in turn started their own back ground seminars for back ground actors." (Complaint, ¶ 7).

GEP Cenex interprets these allegations to present claims of copyright infringement and misappropriation of trade secrets and argues that the plaintiff fails to make a claim for either. (GEP Cenex Memo. at 7). It is also conceivable that Mr. James intends to assert claims of tortious interference with business expectancy and unjust enrichment. Ultimately, he fails to allege facts sufficient to sustain any of these claims. Accordingly, his allegations should be dismissed without prejudice to his filing an amended complaint.

### 1. <u>Copyright Infringement</u>

Even if the plaintiff "was the first person ever" to think of the idea for his lesson plan, there is no copyright action for theft of creative ideas. (Complaint, ¶ 16, § 2a). "In no case does copyright protection . . . extend to an idea." 17 U.S.C. § 102(b). "In a copyright action, . . . the similarity between two works must concern the expression of ideas, not the ideas

themselves." Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57, 67 (2d Cir. 2010) (citing Reyher v. Children's Television Workshop, 533 F.2d 87, 90-91 (2d Cir. 1976), Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir. 1930), and 17 U.S.C. § 102(b)).  In fact, "[c]opyright protection" extends only to "original works of authorship fixed in any tangible medium of expression" from which they "can be perceived, reproduced, or otherwise communicated."  17 U.S.C. §102(a).

Even assuming Mr. James has fixed his lesson plan in a tangible form of expression, he has not alleged facts sufficient to state a cause of action for copyright infringement.  "A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright."  Young-Wolff v. McGraw-Hill, No. 13 Civ. 4372, 2014 WL 349711, at *2 (S.D.N.Y. Jan. 31, 2014) (internal quotation marks omitted).  The plaintiff's claim fails, not least because he has not alleged that his lesson plan has been registered with the Copyright Office, which is required in order to sustain an action for copyright infringement.  17 U.S.C. § 411(a).

11

2.   <u>Misappropriation of Trade Secrets</u>

"To succeed on a claim for trade secret misappropriation under New York law, a plaintiff must establish '(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." <u>LinkCo, Inc. v. Fujitsu Ltd.</u>, 230 F. Supp. 2d 492, 497-98 (S.D.N.Y. 2002) (quoting <u>North Atlantic Instruments, Inc. v. Haber</u>, 188 F.3d 38, 43-44 (2d Cir. 1999). In determining whether information constitutes a trade secret, "the most important consideration [is] whether the information was secret." <u>Lehman v. Dow Jones, & Co., Inc.</u>, 783 F. 2d 285, 298 (2d Cir. 1986). "Thus, the primary consideration in determining secrecy is whether the information is easily ascertainable by the public." <u>LinkCo</u>, 230 F. Supp. 2d at 499. "Courts have held that there can be no trade secret protection, as a matter of law, if the secrecy is necessarily lost when the design or product is placed on the market." <u>Id.</u> at 498 (collecting cases).

Here, the allegedly misappropriated lesson plan cannot constitute a trade secret. Regardless of who taught the lesson plan, it could not remain a secret once it hit the public market. The plaintiff himself alleges that prior to any alleged misappropriation, he marketed and sold the lesson plan at a value of "$800 a day." (Complaint, ¶ 16, § 2c). As a result, "it cannot

12

rise to the level of a trade secret, as a matter of law," and therefore cannot support the plaintiff's claim of misappropriation.[3] <u>LinkCo</u>, 230 F. Supp. 2d at 499.

### 3.   Tortious Interference and Unjust Enrichment

The plaintiff's claim regarding GEP Cenex's alleged use of his lesson plan may also be interpreted to allege tortious interference with business relations or unjust enrichment.  The elements of a claim for tortious interference with business relations are: (1) a plaintiff's business relationship with a third party; (2) the defendant's interference with that business relationship; (3) a showing that the defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship.  <u>Lombard v. Booz-Allen & Hamilton, Inc.</u>, 280 F.3d 209, 214 (2d Cir. 2002); <u>Purgess v. Sharrock</u>, 33 F.3d 134, 141 (2d Cir. 1994).  A claim for unjust enrichment requires that (1) the defendants were enriched; (2) at the plaintiff's expense; and (3) "equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." <u>Briarpatch Ltd. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 306 (2d Cir. 2004) (citing <u>Clark v. Daby</u>, 300 A.D.2d 732, 732, 751

---

[3] Because the lesson plan cannot be a trade secret, I will not address whether GEP Cenex used it in violation of an agreement or through improper means.

N.Y.S.2d 622, 623 (3d Dep't 2002).

As it is written, the plaintiff's complaint is too vague to sustain either of these possible claims.  Beyond asserting that he previously "earned . . . $800 a day," he has not alleged facts sufficient to establish any business relations that GEP Cenex has intentionally interfered with.   (Complaint, ¶ 16, § 2c). Furthermore, he has not shown that GEP Cenex has received monetary or reputational enrichment as a result of "giving [the lesson plan] away for free in L.A."  (Complaint, ¶ 16, § 2c).   Accordingly, these potential claims ultimately fail.

<u>Conclusion</u>

For the reasons set forth above, I recommend that GEP Cenex's motion to dismiss be granted without prejudice to the plaintiff filing an amended complaint adequately pleading one or more of the claims brought against this defendant.[4]  Pursuant to 28 U.S.C. § 636(b)(1)  and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable

---

[4] Should the plaintiff file an amended complaint, he should also identify the basis for his discrimination claim against SAG/AFTRA.

14

George B. Daniels, U.S.D.J., Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 24, 2014

Copies mailed this date to:
Wayne J. James
100 Donizetti Pl., Apt. 25-E
Bronx, NY 10475

Jonathan M. Kozack, Esq.
Michael A. Jakowsky, Esq.
Jackson Lewis LLP
One North Broadway
Suite 1502
White Plaints, NY 10601

Kate M. Swearengen, Esq.
Peter D. DeChiara, Esq.
Cohen, Weiss and Simon LLP
330 W. 42nd St.
New York, NY 10036