```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 20 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WAYNE J. JAMES,                          :

                    Plaintiff,        :

          -against-                    :        MEMORANDUM DECISION
                           :        AND ORDER

CENTRAL CASTING N.Y. and SAG/AFTRA    :        13 Civ. 3859 (GBD) (JCF)
ONE UNION,                               :

               Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, United States District Judge:

     *Pro se* Plaintiff Wayne J. James brings this action against Defendants GEP Cenex, LLC[1]

("GEP") and the Screen Actors Guild–American Federation of Television and Radio Artists One

Union ("SAG-AFTRA"), alleging claims of improper business practices, lack of respect, unlawful

termination, defamation, "[t]heft of creative literature and idea," "[l]ack of union support and

[r]epresentation," and discrimination. (Compl. ¶¶ 16 §§ 1a-4d & 17 §§ 1-2, ECF No. 1.) Plaintiff's

complaint seeks damages in the amount of $4 million for his allegedly wrongful termination by

Defendant GEP, his union's failure to assist him with his claims, and for the unauthorized use of

Plaintiff's lesson plan. (*Id.* ¶¶ 12-13, 16 §§ 2a-3c, 21.) Defendant GEP moved to dismiss

Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (GEP Mot., ECF No. 12.)

On July 24, 2014, Magistrate Judge James C. Francis IV issued a Report and Recommendation

("*Report I*") in which he recommended that this Court grant Defendant GEP's motion without

---

[1] Defendant GEP was incorrectly named in this suit as "Central Casting N.Y." (*See* GEP Mem. at 1 n.1, ECF No.
13.)

prejudice to the Plaintiff filing an amended complaint.  (ECF No. 22.)  Thereafter, Plaintiff moved

to amend his complaint, which Defendants GEP and SAG-AFTRA opposed.  (Motion to Amend

Compl., ECF No. 27; GEP Opp'n, ECF No. 29; SAG-AFTRA Opp'n, ECF No. 30.)  On October

7, 2014, Magistrate Judge Francis issued a subsequent Report and Recommendation (*"Report II"*)

in which he recommended that Plaintiff's motion be denied without prejudice to the filing of a

further motion to amend the complaint, but only as to Defendant SAG-AFTRA.  (ECF No. 32.)

Before this Court are Magistrate Judge Francis's Reports, which are adopted in their entirety.

## RELEVANT FACTS

Plaintiff alleges that he was wrongfully terminated in April 2010 by Defendant GEP.

(Compl. ¶ 1.)  As a result of his termination, Plaintiff claims that he has been "[b]lacklisted"

from the industry and that he has experienced difficulty in securing employment as a background

actor.  (*Id.* ¶¶ 6, 19.)  Plaintiff states that he did not receive any assistance from his union,

Defendant SAG-AFTRA, in resolving his dispute with Defendant GEP.  (*Id.* ¶¶ 12-14.)  Plaintiff

paid $2,300 to join SAG prior to its merger with AFTRA, and pays dues of approximately $160

to $200 to SAG-AFTRA every six months.  (*Id.* ¶ 17 §§ 1 & 2.)  Plaintiff further alleges that

Defendant GEP used a lesson plan he designed entitled "The Background Actor" without his

consent.  (*Id.* ¶ 16 §§ 2a-2c.)

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the

Report.  28 U.S.C. § 636(b)(1)(C).  When there are objections to the Report, the Court must make

a *de novo* determination of those portions of the Report to which objections are made.  *Id.*; *see also*

*Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive

further evidence or recommit the matter to the magistrate judge with instructions.  *See* Fed. R. Civ.

P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made.  *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).  When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).  Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument.  *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).  To the extent that a party's objection does reiterate a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error.  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Reports would constitute a waiver of those objections on appeal. (*Report I* at 14-15; *Report II* at 15-16); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Plaintiff timely filed objections to each Report following their issuance. (Obj. I, ECF No. 24; Obj. II, ECF No. 33.)  The objections to *Report I* notified the parties and the Court that Plaintiff would be amending his complaint. (*See*

Obj. I at 1.)  The objections to *Report II* are styled as an "Objection *to the recommendation made by GEP Cenex, LLC*, to dismiss [Plaintiff's] Motion to amend [his] complaint." (*See* Obj. II at 3 (emphasis added).)  These objections express frustration with Plaintiff's circumstances and lack of legal knowledge, and his general desire to "resolve this matter speed[ily]." (*See id.* at 4-5.[2])  Because neither of these objections are specifically addressed to the conclusions reached by Magistrate Judge Francis, this Court therefore reviews the Reports for clear error.

I.      DEFENDANT GEP'S MOTION TO DISMISS

        A.      Improper Business Practices, Lack of Respect, and Defamation Claims

        Magistrate Judge Francis correctly recommended that the improper business practices, lack of respect[3], and defamation claims should be dismissed because Plaintiff has insufficiently alleged the necessary elements to sustain these causes of action. (*See Report I* at 6, 9.) Construing the improper business practices claim as one for "unfair competition"[4] under New York law, Plaintiff must show "[1] the bad faith misappropriation of the labors and expenditures of another, [2] likely to cause confusion or to deceive purchasers as to the origin of the goods." *See Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995). Because the complaint is devoid of any facts demonstrating bad faith and confusion, and thus

---

[2] Plaintiff's objections to *Report II* also raise a claim for mental and emotional distress damages (*see* Obj. II at 6), which was not addressed by Magistrate Judge Francis, and this Court declines to do so here. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations omitted) ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate.").

[3] As recommended in *Report I*, this Court will analyze Plaintiff's "lack of respect or courtesy" claim as part of a single claim for improper business practices. (*See Report I* at 4-5 n.1.)

[4] Plaintiff has also not stated a claim for deceptive business practices under Section 349 of the New York General Business Law. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25-26 (1995) (requiring that a claim under this statute "pro[ve] that defendant's acts are directed to consumers," that "defendant is engaging in an act or practice that is deceptive or misleading in a material way[,] and that plaintiff has been injured by reason thereof").

4

that GEP engaged in unfair competition, Plaintiff's claim for improper business practices should be dismissed.[5] *See id.*

Plaintiff's claim for defamation, although timely brought within the one-year statute of limitations prescribed under N.Y. C.P.L.R. § 215(3), is similarly deficient because he has not pleaded "a false statement, published without privilege or authorization to a third party, constituting fault" which "cause[d] special harm or constitute[d] defamation per se." *See Restis v. Am. Coalition Against Nuclear Iran, Inc.*, No. 13 Civ. 5032(ER), 2014 WL 5089413, at *6 (S.D.N.Y. Sept. 30, 2014) (quoting *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003)). The complaint does not plead the content of any alleged defamatory statement, let alone the other necessary elements for this cause of action. Dismissal of this claim is therefore warranted.

B.      Unlawful Termination Claim

"New York does not recognize a claim for wrongful discharge of an at-will employee." *Cruz v. HSBC Bank, USA, N.A.*, 5 F. Supp. 3d 253, 259 (E.D.N.Y. 2014) (citing *Sullivan v. Harnisch*, 19 N.Y.3d 259, 261 (2012)), *aff'd*, No. 14-990-CV, 2014 WL 4783383 (2d Cir. Sept. 26, 2014). Therefore, *Report I* properly found that Plaintiff's claim for unlawful termination should be dismissed. (*See Report I* at 6-7 (citing Compl. ¶ 16 § 3c).)

C.      Theft of Intellectual Property Claim

*Report I* interprets Plaintiff's allegations concerning the "[t]heft of creative literature and idea" as attempts to advance claims of copyright infringement, misappropriation of trade secrets, tortious interference, and unjust enrichment. (*See Report I* at 10.) Magistrate Judge Francis

---

[5] Although Plaintiff's improper business practices claim is premised on alleged "policies that encourage[ and] enforce[] Blacklisting and silent discrimination," *Report I* accurately observes that Plaintiff's complaint does not identify a protected trait that would support a discrimination claim. (*See Report I* at 4-5 (citing Compl. ¶ 16 § 1a).)

correctly determined that, under any of these causes of action, Plaintiff's complaint fails because it does not allege sufficient facts. (*See id.*) To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original," *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)—neither of which Plaintiff has pleaded in his complaint. (*See* Compl. ¶ 16 §§ 2a-2c (failing to specify that Plaintiff owned a valid copyright).) A claim for misappropriation of trade secrets under New York law also cannot be maintained because Plaintiff's lesson plan was by his own admission publicly marketed and sold—and therefore not a trade *secret*—prior to the alleged misappropriation. (*See* Compl. ¶ 16 §§ 2b-2c); *see also Sleppin v. Thinkscan.com, LLC*, No. 14-CV-1387 (ADS)(ARL), 2014 WL 5431352, at *6 (E.D.N.Y. Oct. 23, 2014) (noting a misappropriation of trade secrets claim requires a showing "(1) that [Plaintiff] possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means") (quotation omitted); *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999) (noting that New York courts consider "the extent of measures taken by the business to guard the secrecy of the information," among other factors, in deciding whether information constitutes a trade secret).

Further, Plaintiff's complaint does not support claims for tortious interference and unjust enrichment. For instance, Plaintiff has not pleaded that Defendant GEP interfered with Plaintiff's business relations with a third party[6], nor does the complaint present factual

---

[6] "The elements of tortious interference with a business relationship are '(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.'" *RFP LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 195 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008)).

allegations that Defendant GEP was unjustly enriched at Plaintiff's expense.[7]  Consequently,

Plaintiff's bare assertion that this "lesson plan has earned [him] $800 a day," and that Defendant

GEP is allegedly "giving [the plan] away for free in L.A." (*see* Compl. ¶ 16 § 2c), do not meet

the requisite elements to state these claims, which therefore must be dismissed.

*     *     *

Because Plaintiff's complaint fails to state any claim upon which relief could be granted,

Magistrate Judge Francis's recommendation to grant Defendant GEP's motion to dismiss was

not in error.  Accordingly, *Report I* is adopted in full.  Defendant GEP's motion to dismiss is

GRANTED, and Plaintiff may seek leave to amend his complaint, if amendment would not be

futile.

## II.     PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### A.     Leave to Amend

Courts should freely permit plaintiffs leave to amend when justice so requires.  Fed. R.

Civ. P. 15(a)(2).  But by its terms, this rule is not absolute.  The Supreme Court long ago

identified reasons "such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." that justify

denying a movant leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to file an

amended pleading should be denied when the amendment would be futile.  *Absolute Activist*

*Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (citing *Port Dock & Stone*

---

[7] *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176-77 (2d Cir. 2012) (quotation omitted) ("Under New York law, a plaintiff asserting a claim of unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant."), *cert. denied*, 133 S. Ct. 952 (2013).

7

*Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007)).  A proposed amendment is futile

when it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l*

*Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of*

*Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This

plausibility standard demands "more than a sheer possibility that a defendant has acted

unlawfully." *Iqbal*, 556 U.S. at 678.  Rather, to state a facially plausible claim, *Iqbal* requires a

party to "plead[] factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*  For the purposes of a 12(b)(6) motion, the

plaintiff's well-pleaded facts are assumed to be true and all reasonable inferences therefrom are

construed in the light most favorable to the plaintiff, the non-moving party.  *Arar v. Ashcroft*,

585 F.3d 559, 567 (2d Cir. 2009) (citing *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007)).

B.     Claims Against GEP

The Proposed Amended Complaint ("PAC") mirrors the originally filed complaint but

adds "GEP Cenex LLC" next to each mention of "Central Casting," as well as a concluding

paragraph elaborating on the grounds for Plaintiff's discrimination claim. (*See* PAC ¶ 22, ECF

No. 27.)  Given Plaintiff's failure to address the substantive deficiencies in the causes of action

initially brought (aside from the race-based discrimination claim, discussed below), amendment

would be futile.  The recommendation in *Report II* to deny the motion to amend these claims

against Defendant GEP is thus not clearly erroneous. (*See Report II* at 5-6.)  Plaintiff's motion

for leave to amend the improper business practices, lack of respect, defamation, wrongful termination, and "[t]heft of creative literature and idea" claims is therefore DENIED.

Moreover, the addition of a single paragraph to the PAC insufficiently alleges a claim for race-based discrimination. "To state a prima facie case of discriminatory discharge under Title VII, a plaintiff must allege that: (1) he falls within a protected group; (2) he held a position for which he was qualified; (3) he was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014) (internal quotation marks omitted). Although a plaintiff alleging discrimination "need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss," *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014), these elements "provide an outline of what is necessary to render a plaintiff's employment discrimination claims for relief plausible." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 461 (S.D.N.Y. 2013) (internal alterations and quotation omitted).

In this case, Plaintiff's PAC does not plead facts that demonstrate he was terminated on account of his race. (*See Report II* at 7.) Instead, the PAC generally states that Plaintiff "is being punished so severely, due to the culture of Racism that is promoted in the television and film industry," and that he "[h]onestly believe[s he's] being treated un fairly [sic] and . . . being unreasonably punished because [he's] a male of African descent." (*See* PAC ¶ 22.) Without a factual basis from which this Court can plausibly infer that Plaintiff's discharge "occurred under circumstances giving rise to an inference of discrimination," *see Brown*, 756 F.3d at 229, this claim would not survive a motion to dismiss. Therefore, leave to amend would likewise be futile as to the discrimination claim against Defendant GEP. *See Lucente*, 310 F.3d at 258.

9

C.      Claims Against SAG-AFTRA

Plaintiff brings three claims against Defendant SAG-AFTRA for: (1) a refund of $2,300 paid to join SAG before its merger with AFTRA, an amount which Plaintiff allegedly would not have had to pay post-merger given his existing membership in AFTRA; (2) SAG-AFTRA's "lack of union support and [r]epresentation; and (3) SAG-AFTRA's allegedly discriminatory practices.  (PAC ¶ 17 §§ 1, 1b, 2, 22.)

*Report II* properly found that the PAC has not adequately stated a claim with regards to the refund.  (*See Report II* at 8-9 (citing PAC ¶ 17 § 1).)  As noted in *Report II*, Plaintiff does not reference a contract or statute under which he would be entitled to this refund, nor does the PAC specifically allege that SAG engaged in fraud for failing to notify Plaintiff of its intentions to merge with AFTRA.  (*See Report II* at 9 (stating the elements of a fraud claim in New York, and referencing the heightened pleading standards for fraud claims under Federal Rule of Civil Procedure 9(b)).)

To the extent that Plaintiff seeks to assert an alleged breach of the duty of fair representation, Magistrate Judge Francis also correctly determined that this claim was insufficiently pleaded.  (*See Report II* at 9.)  "A union's duty of fair representation . . . arises from its status as 'exclusive bargaining representative' of employees in a bargaining unit." *Von Maack v. 1199SEIU United Healthcare Workers E.*, No. 14-cv-4360 (PKC), 2014 WL 5801349, at *4 (S.D.N.Y. Nov. 7, 2014) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).  However, the union's duty is inapplicable to individuals "who are not employees in the bargaining unit." *Scanz v. N.Y. Times*, No. 97CIV.1042(PKL), 1997 WL 250447, at *3 (S.D.N.Y. May 12, 1997) (collecting cases).  To state a claim for breach of the duty of fair representation, the plaintiff must also establish that the union's conduct or inaction is "arbitrary, discriminatory, or in bad

faith," as well as "a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (quotations omitted).  Here, Plaintiff has not shown that he was employed in a bargaining unit represented by SAG-AFTRA during the time of the alleged injury. (*See Report II* at 9-10.)  Aside from generalized statements regarding a failure to "promote a fair or equal opportunity environment for all workers" (*see* PAC ¶ 22), Plaintiff has also not alleged how Defendant SAG-AFTRA's action or inaction was "arbitrary, discriminatory, or in bad faith." *See Vaughn*, 604 F.3d at 709. Plaintiff's claim for breach of the duty of fair representation therefore cannot stand.

The Magistrate Judge also correctly determined that Plaintiff's potential claims of discrimination are deficient. (*See Report II* at 10-13.)  "An aggrieved employee wishing to bring a Title VII claim in district court must file an administrative complaint with the EEOC within 300 days of the alleged discriminatory act." *Petrosino v. Bell Atl.*, 385 F.3d 210, 219 (2d Cir. 2004).  Plaintiff thus cannot proceed with a Title VII discrimination claim because he has not complied with this requirement within 300 days of April 25, 2013, the date of the latest discriminatory act alleged against Defendant SAG-AFTRA. *See id.*; (PAC ¶ 13).  Claims of discrimination under 42 U.S.C. § 1981 and Section 296 of the New York Executive Law also fail because Plaintiff has alleged no facts to show that Defendant SAG-AFTRA employed discriminatory practices on the basis of Plaintiff's race; the conclusory statement in the PAC that SAG-AFTRA engaged in "an in direct [sic] form of [b]lacklisting and [d]iscrimination" is plainly insufficient in this respect. (*See Report II* at 11-12; PAC ¶ 17 § 1b.)

The PAC has not stated a claim with regard to (i) the alleged $2,300 refund owed, (ii) SAG-AFTRA's alleged breach of the duty of fair representation, or (iii) SAG-AFTRA's

11

allegedly discriminatory practices.  Plaintiff's motion for leave to amend the complaint is therefore DENIED.

Finally, Magistrate Judge Francis properly concluded that Plaintiff should be granted another opportunity to amend his complaint, but only as to claims brought against Defendant SAG-AFTRA.  (*See Report II* at 13-15.)  "As a general rule, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim."  *Garay v. Novartis Pharm. Corp.*, 576 F. App'x 24, 25 (2d Cir. 2014) (internal quotation marks omitted).  Granting leave to amend is appropriate in this instance because *Report II* contains the first discussion of the merits of Plaintiff's claims against Defendant SAG-AFTRA, and Plaintiff may be able to revise his complaint to remedy the deficiencies identified therein and in this Court's Order.  (*See Report II* at 13-14 (noting the greater substance of the facts represented in Plaintiff's September 17, 2014 letter (ECF No. 31), which was filed after the defendants' oppositions to the motion for leave to amend).)

CONCLUSION

Magistrate Judge Francis's July 24, 2014 Report and Recommendation and his October 7,

2014 Report and Recommendation are adopted in full.  Defendant GEP's motion to dismiss is

GRANTED.  Plaintiff's request for leave to file the proposed amended complaint is DENIED.[8]

Defendant GEP is DISMISSED from this action.  The Clerk of the Court is directed to close the

motions at ECF Nos. 12 and 27.

Dated:  New York, New York
       January 20, 2015

SO ORDERED.

JAN 20 2015

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

---

[8] Plaintiff may submit a letter application within thirty days of this Order, requesting leave to amend consistent with this Opinion and attaching his proposed amended complaint, if amendment would not be futile.